UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. ___1:24-mj-03234-Reid___

UNITED STATES OF AMERICA

vs.

DIORI BANARD,

    Defendant.

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the United States Attorney's Office, which concluded on January 22, 2023?   No

4. Did this matter involve the participation of or consultation now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

                          Respectfully submitted,

                          MARKENZY LAPOINTE
                          UNITED STATES ATTORNEY

BY: _____
      BRIAN DOBBINS
      Assistant United States Attorney
      Federal Bar No. A5501182
      99 Northeast 4th Street
      Miami, FL. 33132-2111
      Tel: (305) 961-92304
      Brian.Dobbins@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
|  | ) Case No. 1:24-mj-03234-Reid |
| DIORI BARNARD, | ) |
|  | ) |
|  | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  June 24, 2024  in the county of  Miami-Dade  in the Southern District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute More than 50 grams of methamphetamine and a detectable amount of cocaine; |
| 18 U.S.C. § 924(c)(1)(A) | Possession of a Firearm in furtherance of a drug trafficking crime; and |
| 18 U.S.C. § 922(g) | Felon in Possession of a Firearm. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

Conor Goepel, Special Agent, FBI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____

Date:  6/25/2024

*Judge's signature*

City and state:  Miami, Florida   Hon. Lisette M. Reid, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant, Conor S. Goepel, being duly sworn, deposes and states as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent for the Federal Bureau of Investigation ("FBI") currently assigned to the Violent Crimes/Fugitive Task Force in the Miami Division. I have been an FBI Special Agent since September 2021 and have been assigned to the Miami Division since February 2022. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of, and to make arrests for, federal offenses. As a Special Agent for the FBI, my duties involve the investigation of a variety of violations of federal offenses, including, but not limited to, bank robberies, Hobbs Act robberies, extortion, and murder for hire.

2.  I am currently a member of the South Florida Violent Crime Task Force. As part of my professional duties and responsibilities, I have become familiar with the investigative methods and enforcement of Violent Crimes pertaining to state and federal laws. I have also become versed in methodologies and practices employed by individuals and groups who commit Violent Crimes.

3.  The facts contained in this Affidavit are based on my personal knowledge and information provided to me by other law enforcement officers. This Affidavit is being submitted for the limited purpose of establishing probable cause for the proposed complaint, and as such does not contain every fact known to me. I respectfully submit that based upon the facts presented below, that there is probable cause to believe that Diori BANARD committed the offenses of possession with intent to distribute more than fifty (50) grams of a mixture and substance containing a detectable amount of methamphetamine and a mixture and substance containing a

detectable amount of cocaine, in Violation of Title 21, United States Code, Section 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, 924(c).

## PROBABLE CAUSE

4. On June 24, 2024 a Federal Search Warrant, sworn out of the Southern District of Florida before the Honorable Judge Lisette Reid was obtained for 2427 NW 131st Circle, Miami, Florida, hereinafter "BARNARD's residence" (24-mj-03230-Reid). The Search Warrant authorized law enforcement to search for firearms and other items related to crimes of violence. The warrant was executed at approximately 7:00 PM. Law enforcement recovered mail addressed to BARNARD in the house, and in the master bedroom, law enforcement recovered a silver KAHR 9-mm pistol, that was loaded with twelve rounds of ammunition. An additional loaded magazine with twelve rounds of 9-mm ammunition was also recovered. Law Enforcement also recovered an AR style rifle, two brick-like objects containing a white, powdery substance, and multiple bags containing white, powdery substance, and other plastic bags containing a rock-like substance. Law enforcement also recovered approximately 400 rounds of .22 caliber ammunition and thirty-five (35) 9-mm rounds in a box in the bedroom closet. In the kitchen cabinet above a microwave, law enforcement recovered a Glock 19 pistol that was loaded with a magazine containing twelve (12) rounds of 9-mm ammunition. A duffel bag containing a large quantity of cash that was contained in vacuum-sealed bags was recovered in the garage.

5. The white, rock-like substance was field-tested, which resulted in a positive indication for methamphetamine, with a weight of 69.3 grams. The white-powder like substance in the plastic bags field-tested positive for the presence of cocaine, with a net weight of 137.1 grams. The two brick-like objects did not test positive for a controlled substance. Based upon my training and experience, your affiant submits that the brick-like objects contained a cutting agent,

that is used to dilute drugs. Based on my training and experience the quantity of narcotics and presence of paraphernalia, such as cutting agent, is consistent with distribution.

6. BARNARD has BARNARD's Residence listed as his address on his driver's license, and he is the utilities subscriber for BARNARD's Residence through Florida Power & Light. Additionally, a check of BARNARD's criminal history revealed that he was previously convicted of carrying a concealed weapon in 2000, a felony for which a term of more than one year imprisonment may be imposed.

## CONCLUSION

7. Based upon the foregoing, I submit that there is probable cause for the proposed complaint charging BARNARD with (1) possession with intent to distribute more than 500 grams of Cocaine, in Violation of Title 21, United States Code, Section 841(a)(1) and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, 924(c).

Respectfully Submitted,

Conor Goepel, Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this __25th__ day of June 2024.

_____
HONORABLE LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE